**INTERNATIONAL UNION OF OPERATING ENGINEERS, David Fagan, Pete Cubit, and Jeff Banes, Appellants–Respondents,**

v.

**Terry BECK and Linda Beck, Appellees–Petitioners.**

No. 45A03–9512–CV–432.

Court of Appeals of Indiana.

July 31, 1996.

4. We heard oral argument on this matter on July 9, 1996.

David W. Weigle, David W. Weigle & Associates, Hammond, for Appellants.

David C. Jensen, John M. McCrum, Allyssa, Stamatakos, Eichhorn & Eichhorn, Hammond, for Appellees.

## OPINION

HOFFMAN, Judge.

Appellants, International Union of Operating Engineers, David Fagan, Pete Cubit, and Jeff Banes (Union), appeal the issuance of a permanent protective order in favor of appellees Terry and Linda Beck (the Becks). The facts relevant to this appeal are summarized below.

Beginning in June 1995, Union placed a series of individuals outside of the Becks' home for surveillance purposes. According to Union, its purpose in surveilling Terry Beck, a non-union employee, was to determine where he would be working day to day so they may picket his job sites. It also asserted that surveillance was necessary because Terry Beck was being dispatched from his home instead of the office.

In response to the surveillance, the Becks filed a verified petition for emergency protective order and a petition for permanent protective order in the Lake Superior Court. The court issued an emergency protective order on July 26, 1995, and heard the Becks' petition for permanent protective order on August 25, 1995.

At this time, Union submitted a motion to dismiss based on a lack of subject-matter jurisdiction and a response to the motion for protective order. During opening arguments, the trial judge stated that the motion to dismiss would not be considered at this time due to Union's failure to follow Local Rule 4, requiring that all motions, pursuant to Ind. Trial Rules 12 and 56, be accompanied by a separate supporting brief. Union asserted that the jurisdictional prerequisites of IND. CODE § 22–6–1–1 (1993 Ed.), *et seq.* (Anti–Injunction Act) should govern the proceedings. The trial judge acknowledged his refusal to rule on the jurisdictional question and entered the permanent protective order by finding:

> allegations of the petition concerning the feared acts of harassment or disruption of peace of the Petitioners or members of the Petitioners' household have been proved by a preponderance of the evidence[.]

This appeal ensued.

Union presents two issues on appeal, one of which is dispositive: whether the trial court had jurisdiction to issue the permanent protective order.

When equitable relief is sought in the context of a controversy involving labor relations, the trial court must initially inquire as to whether the Anti–Injunction Act has withdrawn the court's jurisdiction to grant the desired remedy. *Int'l. Ass'n. of M. & A.W. v. McGill Mfg. Co.*, 164 Ind.App. 321, 325, 328 N.E.2d 761, 764 (1975), *reh'g. denied.* The Anti–Injunction Act provides:

> No court of the state of Indiana, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case *involving or growing out of a labor dispute,* except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

(Emphasis added.) IND. CODE § 22–6–1–1 (1993 Ed.)

The Anti–Injunction Act is predicated in its entirety on the existence of a labor dispute, and if none exists, the act has no application. *Local Union No. 135 etc. v. Mdse. Whse. Co., Inc.*, 127 Ind.App. 57, 59, 132 N.E.2d 715, 717 (1956). Therefore, it is necessary to determine if there is a labor dispute and whether Union's surveillance actions are "involving or growing out of a labor dispute." IND. CODE § 22–6–1–12 (1993 Ed.) defines the term "labor dispute" as follows:

> (a) A case shall be held to involve or grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft, or occupation, or have direct or indirect interests therein, or who are employees of the same employer, or who are members of the same or an affiliated organization of employers or employees[.]
>
> \* \* \* \* \* \*
>
> (c) The term 'labor dispute' includes any controversy concerning terms or conditions of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.

The primary focus of the Anti–Injunction Act is the minimization of judicial control over conduct related to labor disputes. *McGill,* 328 N.E.2d at 764. The Anti–Injunction Act establishes procedural requirements which strictly provide the equity jurisdiction of trial courts. *See* IND. CODE § 22–6–1–6 and 8 (1993 Ed.). Inasmuch as the trial court failed to determine whether a labor dispute existed and whether the appellants' actions are involving or growing out of a labor dispute, we remand this cause to the trial court with instructions to make such determination.

Remanded with instructions.

CHEZEM and BARTEAU, JJ., concur.